IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYAN BEHRENS, | |
| Plaintiff, | 8:13-CV-72 |
| vs. | |
| GMAC MORTGAGE, LLC, | MEMORANDUM AND ORDER |
| Defendant. | |

The plaintiff filed his complaint (filing 1) in this matter on March 4, 2013, and has now paid the final installment of his initial partial filing fee. The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate pursuant to 28 U.S.C. § 1915(e) and the Court's independent obligation to consider its subject matter jurisdiction where there is a reason to suspect that such jurisdiction is lacking. *See Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011); *see also Bacon v. Neer*, 631 F.3d 875, 877 (8th Cir. 2011).

The initial question is whether this case is moot. "Through the passage of time and the occurrence of irrevocable events, disputes may disappear so that federal courts no longer can grant effective relief. When this happens, the issue is moot and a federal court has no power to decide the issue." *Lebanon Chem. Corp. v. United Farmers Plant Food Inc.*, 179 F.3d 1095, 1099 (8th Cir. 1999) (citation omitted); *see Calderon v. Moore*, 518 U.S. 149, 150 (1996). The relief sought by the plaintiff's complaint is an injunction stopping a foreclosure sale that was, according to the complaint, scheduled to occur on March 15, 2013. Filing 1 at 1. Thus, a question of mootness appears on the face of the complaint.

And the foreclosure at issue has already occurred, as evidenced by public records that the Court finds to be judicially noticeable. *See Noble Sys. Corp. v. Alorica Cent.*, 543 F.3d 978, 982 (8th Cir. 2008); *see also, Bacon*, 631 F.3d at 877-78; *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005). Pottawattamie County, Iowa property records (attached to this order for the benefit of the plaintiff and any reviewing court) establish that the property has been sold and deeded to a third party. As a result, the Court can no longer grant the relief requested in the plaintiff's complaint, and this case is moot. Mootness relates to justiciability, presenting a jurisdictional bar to the Court's power to hear the case. *Bacon*, 631 F.3d at 877.

It is unfortunate that the sale took place despite the pre-sale filing of the plaintiff's complaint. But, it must be noted, that delay was occasioned by the plaintiff's procedural choices in filing his *in forma pauperis* complaint. Had the plaintiff filed this claim as a motion in the related receivership action, case no 8:8-cv-13, formal service of process and a filing fee would have been unnecessary. Nor did the plaintiff ask for a temporary restraining order, which might have been addressed *ex parte*. *See* Fed. R. Civ. P. 62(b). But when the plaintiff filed a separate complaint seeking an injunction, service of process was required. *See* Fed. R. Civ. P. 65(a); *see generally* Fed. R. Civ. P. 5. And because the plaintiff is a prisoner filing *in forma pauperis*, payment of the plaintiff's initial partial filing fee was also required. This case may be moot as a result, but that process was implemented by Congress and the Court is not at liberty to ignore it. *See* 28 U.S.C. § 1915(e).

Beyond the question of mootness, other issues appear on the face of the plaintiff's complaint. There is also a substantial question regarding the plaintiff's standing to pursue the claim. The stay upon which the plaintiff relies, see case no. 8:8-cv-13 filings 85 and 107, was not entered for the plaintiff's benefit: it was entered to protect the receivership that was directed to "take immediate possession and control" of all assets belonging to the plaintiff. *See* case no. 8:8-cv-13 filing 85 at 4. Given the scope of the receivership, and the sweeping authority conferred on the receiver, it is highly questionable whether the plaintiff has standing to seek enforcement of the stay with respect to receivership assets: the receiver, and not the plaintiff, is now the real party in interest with respect to the real property at issue and any proceeds from its sale. *Cf. First State Bank of N. Cal. v. Bank of Am., N.T. & S.A., et al.*, 618 F.2d 603, 604 (9th Cir. 1980). And standing, of course, is also a fundamental element of federal court jurisdiction. *U.S. v. Fast*, 709 F.3d 712, 715 (8th Cir. 2013).

The Court also notes the plaintiff's citations to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, and the Single Family Mortgage Foreclosure Act (SFMFA), 12 U.S.C. §§ 3751-3768. But the FDCPA generally does not apply to a creditor attempting to collect its own debts (as opposed to a third-party collection agency). *See* 15 U.S.C. § 1692(6); *see also Marshall v. Deutsche Bank Nat. Trust. Co.*, 445 Fed. Appx. 900, 901 (8th Cir. 2011). And the SFMFA only applies to foreclosure proceedings instituted by the Secretary of Housing and Urban Development on property held by or subject to a loan guaranteed by the Secretary. *See* 12 U.S.C. § 3752(10); *see also Termarsch v. Homeq Servicing Co.*, 399 F. Supp. 2d 827, 829 (W.D. Mich. 2005). The plaintiff does not allege facts from which it could be reasonably inferred that the FDCPA or SFMFA are applicable, and the complaint thus fails to state a claim for relief under those acts.

To summarize: the primary defect in the plaintiff's complaint is that the relief it seeks can no longer be granted by the Court, so this case is moot. Second, the orders upon which the plaintiff relies, entered by this Court in the receivership action, also authorized the receiver to take possession and control of the plaintiff's assets—meaning that the plaintiff would lack standing to enforce the stay in defense of those assets, because the receiver is the real party in interest. Third, the complaint alleges no facts establishing that the defendant is a "debt collector" within the meaning of the FDCPA. And finally, the complaint alleges no facts establishing that the SFMFA is applicable to this case. The Court will require the plaintiff to file an amended complaint alleging facts that support federal court jurisdiction and stating a federal claim for relief. And the plaintiff shall be required to allege facts or file evidence with the Court establishing that this case is not moot. This matter will not proceed until the plaintiff does so.

IT IS ORDERED:

1. The plaintiff shall have until October 4, 2013, to do the following:

    a. file sufficient evidence with the Court, or allege facts in an amended complaint, showing that this case is not moot;

    b. file an amended complaint establishing the plaintiff's standing to pursue his claim; and

    c. file an amended complaint alleging facts supporting the applicability of the FDCPA and/or SFMFA to this case.

2. In order to be considered, any response the plaintiff wishes to file should be *received* by the Court on or before October 4, 2013. The Court intends that time to include the time necessary for delivery by mail.

3. Absent effective compliance with this order, the Court may dismiss the plaintiff's complaint in part or in full without further notice.

4. The Clerk of the Court is directed to set a case management deadline in this matter with the following text: October 4, 2013: deadline for plaintiff to file amended complaint and establish that case is not moot.

5. The Court reserves the right to conduct further review of the plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after the plaintiff addresses the matters set forth in this Memorandum and Order.

Dated this 28th day of August, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge



# POTTAWATTAMIE · COUNTY

## Foreclosures

**29903 OLD LINCOLN HIGHWAY, HONEY CREEK, IOWA 51542**

Notice of Sheriff's Levy and Sale
STATE OF IOWA } SS. Iowa District Court
POTTAWATTAMIE COUNTY COURT CASE # EQCV100359
POTTAWATTAMIE COUNTY
SPECIAL EXECUTION

U.S. BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR RAMP 2006NC2
PLAINTIFF
VS
BRYAN S. BEHRENS AND MICHELLE D. BEHRENS
DEFENDANT (Judgment Debtor)

As a result of the judgment rendered in the above referenced court case, an execution was issued by the court to the Sheriff of this county. The execution ordered the sale of defendant(s) Real Property
To satisfy the judgment. The property to be sold is SEE ATTACHED LEGAL DESCRIPTION

LOCALLY KNOWN AS: 29903 OLD LINCOLN HIGHWAY HONEY CREEK, IA 51542


The described property will be offered for sale at public auction for cash only as follows:
Date of Sale: 3/15/2013 Time of Sale: 10:00 am Place of Sale: Pottawattamie County Sheriff's Office, 1400 Big Lake Rd, Council Bluffs, Iowa, 51501

0 Homestead: Defendant is advised that if the described real estate includes the homestead (which must not exceed ½ Acre if within a city or town plat, or, if rural, must not exceed 40 Acres), defendant must file a homestead plat with the Sheriff within ten (10) days after service of this notice, or the Sheriff will have it platted and charge the costs to this case.

Property exemption: Certain money or property may be exempt. Contact your attorney promptly to review specific provisions of the law and file appropriate notice, if applicable.

Redemption: NO REDEMPTION PERIOD; SIX MONTH DELAY OF SALE FROM DATE OF JUDGMENT (05/17/12)

Judgment Amount: $226,238.09 Does not include any costs.

Attorney: PETOSA PETOSA & BOECKER (515)222-9400
Date: December 5, 2012


Jefferey D. Danker, SHERIFF POTTAWATTAMIE COUNTY, IOWA


BACK

©2013 Pottawattamie County. All Rights Reserved                                                    Terms of Use | Privacy Policy

Find Property    Res Sales    Comm/Ind Sales

```
7744 26 100 006
--- Permanent Property Address ---        ------- Mailing Address -------
U S BANK NA                               U S BANK NA
29903 OLD LINCOLN HWY                     C/O OCWEN-GMAC LEGACY
HONEY CREEK, IA 51542                     1100 VIRGINIA DR
                                          FORT WASHINGTON, PA 19034
========================================================================================
District: 072
======================================= REAL ESTATE TAX =================================
Click here for treasurer real estate tax information.
====================================== LEGAL DESCRIPTION ================================
ROCKFORD TWP 26-77-44 PT NE NW & NW NE COMM 400'E 1965'SLY OF CENTER SW1/4 SEC 23 TH E541'
SLY775'W528.17' NLY800.85'TO POB
======================================= ASSESSED VALUE ==================================
land: $41079     dwelling: $213061    building: $0        total: $254140     year/class: 2011/R
land: $41079     dwelling: $213061    building: $0        total: $254140     year/class: 2012/R
land: $41079     dwelling: $213061    building: $0        total: $254140     year/class: 2013/R
========================================== OWNERS =======================================
 1   D   U S BANK NA                   book/page: 2013/8335 D
==================================== EXEMPTIONS & CREDITS ===============================
2011 RE14          3449.00  FOREST RESERVE 8.44 acres
2012 RE14          3449.00  FOREST RESERVE 8.44 acres
2013 RE14          3449.00  FOREST RESERVE 8.44 acres
==================================== ASSESSMENT DATA ====================================
PDF: 7    MAP: ROCKFORD TWP

Sale Date          Amount    Code     Book/Page
05/22/2013         215600    D12      2013/08335
12/16/2005         260000    D000     106/13428
09/19/2003              0    D001     104/07907     multiple parcel sale

Interior Listing: Inspected    Date Listed: 02/21/2006 KK    Date Reviewed: 02/21/2006 KK

LAND.........411206 sqFt      9.44 acres

Residence 1 of 1 -- Single-Family / Owner Occupied
BUILDING.....1 Story Log-Pine   6/2 Rooms Above/Below   2/0 Bedrooms Above/Below   1662 SF Base    AC
             Built:1986    Normal   Bsmt: Full   Bsmt Finish: 1000 SF   Attic Finish: 1/2 Finished
FINISH.......Foundation: Conc    Exterior: Log    Roof: Wd / Gable
             Interior: Log    Flooring: Carpet / Tile / Hdwd
FIREPLACE....    1 Masonry
PLUMBING.....1 Full Bath    1 Water Closet    1 Shower Stall/Tub    1 Fbgls Service Sink
PORCHES......112 SF     1S Frame Enclosed    No Bsmt
DECK/PATIOS..102 SF     Wood Deck-Med
             136 SF     Wood Deck-Low
GARAGES(1)...1 Bsmt Stall
## Outbuilding Type / Description                    Dimension    Cap/Area    Year
 1 Barn - Flat/FR                                    34 x  30     1020 SF     1960
 2 Lean-To/FR TO #1                                   5 x   8       40 SF     1960
```



29903 OLD LINCOLN HWY, U S BANK NA, 7-1 05/15/2013



29903 OLD LINCOLN HWY, U S BANK NA, 1 02/21/2006

Map

As of: On Web  [Get Card]

Find Property    Res Sales    Com DOVs

```
                                              2013-08335
                                         RECORDER JOHN SCIORTINO
                                         POTTAWATTAMIE COUNTY, IA
                                    FILE TIME: 05/31/2013 09:03:55 AM
                                         REC: 10.00 AUD: 5.00 T TAX:
                                              RMA: 1.00 ECM: 1.00
```

**Preparer Information**

POTTAWATTAMIE COUNTY SHERIFF'S OFFICE
1400 BIG LAKE ROAD COUNCIL BLUFFS, IA 51501

Individual's Name          Address
**PETOSA PETOSA &**        1350 NW 138TH ST SUITE 100
**BOECKER**                CLIVE, IA 50325

**Address Tax Statements**

Individual's Name          Address
**OCWEN-GMAC LEGACY**
**1100 VIRGINIA DRIVE**
**FORT WASHINGTON, PA 19034**

### SHERIFF'S DEED

In consideration of **$215,600.00** heretofore paid, I, **Jefferey D. Danker**, Sheriff of Pottawattamie County, Iowa, do hereby sell and convey unto **U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RAMP 2006NC2** the following described property in Pottawattamie County, Iowa:

**SEE ATTACHED LEGAL DESCRIPTION**

☒ See attached sheet(s) for further description
Upon the expiration of the redemption period (no redemption having been made) this Deed is given upon the surrender of the Sheriff's Certificate of Purchase, the same having been issued on **05/10/2013**, In Cause Number **EQCV100359**.

Plaintiff

**U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RAMP 2006NC2**

vs.

Defendant

**BRYAN S. BEHRENS AND MICHELLE D. BEHRENS**

☒ No Redemption
Date **May 22, 2013**

_Jefferey D. Danker_
Sheriff of Pottawattamie County, IA

STATE OF IOWA, POTTAWATTAMIE COUNTY
On this **May 22, 2013** before me, a Notary Public in the state of Iowa, personally appeared **Jefferey D. Danker** to me known to be the person named in and who executed the foregoing instrument, and acknowledged that (he or she) executed the same as (his or her) voluntary act and deed.

_Taralee A. Haynes_
Notary Public in the state of Iowa

TARALEE A. HAYNES
Commission Number 749925
MY COMMISSION EXPIRES
NOVEMBER 15, 2013

33026

From the Center of the SW1/4 of Section 23, Township 77 North, Range 44 West (corner fence post), and assuming the 11/44 Line North of the South Line of Section 23 to bear due East and West; thence East along said 11/44 Line a distance of 400.08 feet to the Easterly R.O.W. of Public Highway 183; thence South 17 degrees 11' 31" East along said R.O.W. a distance of 1675.97 feet to a point of curvature; thence Southeasterly along said R.O.W. on a 11496.16 foot radius curve to the right a distance of 289.03 feet to the point of beginning; thence East a distance of 541.0 feet; thence Southeasterly on a 12017.74 foot radius curve to the right, initial tangent of which bears South 15 degrees 03' 05" East a distance of 775.31 feet to the 11/44 Line South of the North line of Section 26, Township 77 North, Range 44 West; thence South 87 degrees 30' West along said 11/44 line a distance of 528.17 feet to the Easterly R.O.W. of Public Highway No. 183; thence Northwesterly along said R.O.W. on a 11496.16 foot radius curve to the left, initial tangent of which bears North 11 degrees 45' 36" West, a distance of 800.85 feet to the point of beginning, lying in the NW1/4 of the NE1/4 and the NE1/4 of the NW1/4 of Section 26, Township 77 North, Range 44 West of the 5th P.M., Pottawattamie County, Iowa.