IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYAN BEHRENS, | |
| Plaintiff, | 8:13-CV-72 |
| vs. | MEMORANDUM AND ORDER |
| GMAC MORTGAGE, LLC, | |
| Defendant. | |

This matter is before the Court on several documents filed by the plaintiff, Bryan Behrens. But more importantly, the matter is before the Court on its own initial preservice review of the plaintiff's complaint. In its Memorandum and Order of August 28, 2013 (filing 20), the Court noted defects in the plaintiffs' complaint calling the Court's jurisdiction into question. The Court gave the plaintiff until October 4, 2013, to file documents remedying the defects identified by the Court. *See* filing 20 at 3.

The plaintiff has responded by filing two effectively identical documents, one of which has been docketed as an amended complaint (filing 22) and the other of which has been docketed as a motion to amend (filing 23).[1] The plaintiff has also filed a motion for status (filing 24), asking for a copy of the docket and summons issued in this case. The Court will grant the motion to amend, to the extent that the Court will consider the allegations and information contained in the plaintiff's supplementary filings in determining whether the plaintiff has stated a federal claim for relief. But as explained below, the Court finds that the plaintiff has *not* stated a federal claim for relief, and therefore will dismiss the plaintiff's complaints. The plaintiff's motion for status will be denied as moot, after the Court clarifies for the plaintiff the procedural posture of the case.

---

[1] It is not entirely clear what the plaintiff intended them to be: the plaintiff was directed to file an amended complaint, but his responses show little regard for the pleading requirements of Fed. R. Civ. P. 8(a). It would be within the Court's discretion to strike the plaintiff's filings as noncompliant with Rule 8, or simply not to construe either as an amended complaint in the first place—and, as a result, dismiss this case for failing to comply with the Court's previous instructions. *See, e.g., Mangan v. Weinberger*, 848 F.2d 909, 911 (1988); *Michaelis v. Neb. State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983). But from an excess of caution, the Court will evaluate the merits of the plaintiff's "pleadings."

## 1. MOTION FOR STATUS

The plaintiff's motion for status reflects a misapprehension about the procedural posture of the case. The plaintiff's motion requests "a copy of the docket and also the summons that was issued by the Court. . . ." Filing 24 at 2. Summons has not been issued—as the plaintiff was informed by the Court's Memorandum and Order of August 28, 2013 (filing 20), it is the Court's practice to conduct an initial review of the complaint to determine if dismissal is appropriate pursuant to 28 U.S.C. § 1915(e). *See also, e.g., Barnett v. Bryce's Bail Bonding, Inc.,* 2013 WL 5646058, at *1 (8th Cir. Oct. 17, 2013); *Pomerenke v. Bird,* 491 Fed. Appx. 778, 779 (8th Cir. 2012).

The plaintiff is asking for copies of documents that do not exist, because service of process is still pending preservice review.[2] And, as will be explained below, the case will not survive preservice review. So, the plaintiff's motion for status will be denied as moot.

## 2. PRESERVICE REVIEW

The Court's previous order on initial review, its Memorandum and Order of August 28, 2013 (filing 20), directed the plaintiff to address several defects in his pleading. The Court observed the likelihood that the plaintiff's request for injunctive relief was moot. Filing 20 at 1-2. The plaintiff has responded to that observation by requesting money damages. That, at least, is not moot. But the Court also directed the plaintiff to establish his standing to pursue his claims, and allege facts stating a claim for relief under the federal statutes identified in his complaint. Filing 20 at 2-3.

In response, the plaintiff's filings assert that the Court's jurisdiction "is invoked under 15 USC 1692k(d) and 28 USC 1331, 1343." Filing 22 at 2. 15 U.S.C. § 1692k is, as will be discussed below, part of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p. Title 28 U.S.C. § 1331, of course, is the basis for the Court's federal question jurisdiction. And 28 U.S.C. § 1343 provides for the Court's original jurisdiction in civil rights actions. In sum, the plaintiff contends that the Court has jurisdiction over his claims because he is claiming violations of federal law.[3] So, the question is whether he has stated a claim for such a violation.

---

[2] The plaintiff seems to criticize this practice, characterizing it as an "'abuse of process'" and complaining that he cannot find caselaw prohibiting the Court from ruling on his motion prior to payment of fees. Filing 22 at 4. But a district court may, by rule, require prepayment of filing fees. 28 U.S.C. § 1914(c). This district has done so. NEGenR 1.2(d); NECivR 3.2. And even after the initial partial filing fee imposed by 28 U.S.C. § 1915(b)(1) is paid, the practice of preservice dismissal pursuant to 28 U.S.C. § 1915(e) is well established. *See, e.g., Barnett,* 2013 WL 5646058, at *1; *Pomerenke,* 491 Fed. Appx. at 779.

[3] The plaintiff's recent filings contain no suggestion of diversity jurisdiction pursuant to 28 U.S.C. § 1332. To the extent that his original complaint can be read to provide a basis for

The Court is aware of its obligation to liberally construe *pro se* pleadings. See *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n.1 (8th Cir. 2010). Liberally construed, the plaintiff's pleadings can be read to assert violations of three federal laws: (1) the FDCPA, (2) this Court's stay in case no. 8-cv-13, and (3) the plaintiff's constitutional rights as enforced pursuant to 42 U.S.C. § 1983. The Court will address each in turn.

(a) The FDCPA

In his original complaint, the plaintiff alleged that the defendant had violated the FDCPA by not notifying him of the pending sale of his mortgaged property. Filing 1 at 1-2. The Court previously observed that the FDCPA does not apply to a creditor attempting to collect its own debts, as opposed to a third party collection agency. *See* filing 20 at 2 (citing 15 U.S.C. § 1692(6); *Marshall v. Deutsche Bank Nat. Trust. Co.*, 445 Fed. Appx. 900, 901 (8th Cir. 2011)). In response, the plaintiff alleges that the defendant, as a mortgage servicer, is not attempting to collect its own debt. Filing 22 at 1.

Generally, however, a mortgage servicer is not held to be a "debt collector" within the meaning of the FDCPA either. *See*, *Carter v. AMC, LLC*, 645 F.3d 840, 843 (7th Cir. 2011); *Allen v. Bank of Am., N.A.*, 933 F. Supp. 2d 716, 729 (D. Md. 2013); *Casault v. Fed. Nat'l Mortg. Ass'n*, 915 F. Supp. 2d 1113, 1126 (C.D. Cal. 2012); *Caraang v. PNC Mortg.*, 795 F. Supp. 2d 1098, 1123 (D. Haw. 2011); *Ruggia v. Washington Mut.*, 719 F. Supp. 2d 642, 648 (E.D. Va. 2010). But the application of that proposition in this case is somewhat murkier, because of the possibility that the alleged current lienholder, U.S. Bank, acquired the plaintiff's mortgage *after* it was in default—raising the possibility that it (and by extension its agents) might be "debt collectors" within the meaning of the FDCPA. *See Caraang*, 795 F. Supp. 2d at 1123; *see also Allen*, 933 F. Supp. 2d at 729. And there is at least an open question as to whether mortgage foreclosure is debt collection within the meaning of the FDCPA. *See generally Donnelly-Tovar v. Select Portfolio Servicing, Inc.*, 2013 WL 791153, at *6-7 (D. Neb. Mar. 4, 2013); *but cf. James v. Ford Motor Credit Co.*, 47 F.3d 961, 962 (8th Cir. 1995).

That having been said, there is a more fundamental problem with the plaintiff's claim, and it is one that the Court has no reason to believe can be

---

such jurisdiction, *see* filing 1 at 1, it is unavailing, for two reasons. First, the defendant in the plaintiff's original complaint is "GMAC Mortgage, LLC," which is alleged to be a New York corporation. Filing 1 at 1. But the defendant in the plaintiff's "amended complaint" is said to be "Ocwen Loan Servicing LLC," and Ocwen's citizenship is not alleged. *See* filing 22 at 4. Second, even if diversity was established, the Court can find no sufficiently stated claim for relief under state law in any of the plaintiff's pleadings. Nor would the Court be permitted to entertain a collateral attack on a state-court foreclosure proceeding. *See Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996).

- 3 -

remedied: nowhere in the pleadings does he allege any conduct by the defendant that can even be liberally construed as violating the FDCPA. The FDCPA is intended to eliminate abusive debt collection practices. *See* 15 U.S.C. § 1692(c). To that end, the FDCPA imposes many limitations and requirements on debt collectors. It limits what a debt collector may reveal to third parties while trying to collect a debt. *See* 15 U.S.C. § 1692b. It prohibits harassing a consumer at work, or at unusual times or places. *See* 15 U.S.C. § 1692c. It prohibits abusive conduct by debt collectors, such as threatening violence, public shaming, or anonymous telephone calls. *See* 15 U.S.C. § 1692d. It bars false representations to the consumer in connection with debt collection. *See* 15 U.S.C. § 1692e. It prohibits "unfair or unconscionable" means to collect a debt, such as undisclosed fees, or threatening the nonjudicial seizure of collateral without a right of possession. *See* 15 U.S.C. § § 1692f. And it imposes requirements on what a debt collector must include when communicating with a consumer about a debt. *See* 15 U.S.C. § 1692g.

But what the FDCPA emphatically does *not* do is impose notice requirements on the foreclosure of a security interest. And the plaintiff's claim, repeatedly asserted, is that the plaintiff was purportedly not given proper notice of the foreclosure action on his real property. *See* filing 1 at 1-2; filing 22 at 3-5. He does not claim to have been misled or injured by any of the communications he did receive from the defendant.[4] Even if the plaintiff was not provided with proper notice of the pending foreclosure, there is nothing in the FDCPA that regulates such conduct. Generally speaking, foreclosure on a security interest in real property is a matter left to state law. *See Zajac v. Fed. Land Bank of St. Paul*, 909 F.2d 1181, 1183 (8th Cir. 1990); *see also McNeill v. Franke,* 171 F.3d 561, 564 (8th Cir. 1999). The FDCPA does not change that in any way that is helpful to the plaintiff here.

The plaintiff does make repeated references to various sections of Title 12 of the United States Code. *E.g.* filing 22 at 6. He claims that "Federal foreclosure laws are all governed under title 12 as approved and enacted by Congress[.]" Filing 22 at 6. But, as in his initial complaint, he appears to be conflating the FDCPA with the Single Family Mortgage Foreclosure Act, 12 U.S.C. §§ 3751-3768. *Compare* filing 22 at 6 *with* filing 1 at 1. And as explained in the Court's previous order, that act only applies to foreclosure

---

[4] The plaintiff does make a brief reference to the defendant's attorneys "provid[ing] false and mis-leading [sic] information to the Iowa District Court, Pottawattamie County," purportedly in violation of 15 U.S.C. § 1692e. Filing 22 at 10. But the supposed "false information" was, as best the Court can tell, not obtaining leave to proceed with foreclosure from this Court in case no. 8-cv-13. It is unclear how that is a false representation within the meaning of 15 U.S.C. § 1692e. And more fundamentally, with the limited exception of credit reporting, 15 U.S.C. § 1692e only applies to false representations made *to the consumer*. *See Volden v. Innovative Fin. Sys.*, 440 F.3d 947, 954 (8th Cir. 2006).

proceedings instituted by the Secretary of Housing and Urban Development on property held by or subject to a loan guaranteed by the Secretary. *See* filing 20 at 2 (citing 12 U.S.C. § 3752(10); *Termarsch v. Homeq Servicing Co.*, 399 F. Supp. 2d 827, 829 (W.D. Mich. 2005)). There is nothing to suggest that the property at issue at this case is such a property.

In sum, the plaintiff has not stated a claim for relief under the FDCPA, nor is there any reasonable possibility that he could state such a claim. Whether the plaintiff received proper notice of the defendant's foreclosure action is determined under state law, not the FDCPA.

(b) Receivership Stay

In its previous order, the Court questioned the plaintiff's standing to enforce the receivership stay. The Court explained that the stay was not entered for the plaintiff's benefit; rather, it was entered to protect the receivership's assets and preserve them for receivership purposes. As a result, the Court suggested that the receiver, not the plaintiff, was the real party in interest with respect to the real property at issue. *See* filing 20 at 2 (citing *First State Bank of N. Cal. v. Bank of Am., N.T. & S.A.*, 618 F.2d 603, 604 (9th Cir. 1980)).

The plaintiff asserts several things in response. He contends that he has a stake in the outcome of what happens to the property because he would be liable for any remaining debt after the receivership is wound up. Filing 22 at 6-7. He also claims a "marital stake" in his wife's property interests, and asserts the personal property rights of his minor children, with respect to personal property allegedly present on the property. Filing 22 at 7. And he simply disagrees with the Court's statement that the receivership stay was not entered for his benefit, pointing to the fact that he was covered by the stay as a receivership entity. Filing 22 at 8. He then sets forth a variety of propositions (some more applicable than others) discussing the power to dispose of property that is subject to a receivership.[5] Filing 22 at 8-10.

The plaintiff's argument is, at its heart, self-contradictory. The property at issue was either a receivership asset, or it wasn't. If it was, then the receiver was empowered to "take immediate possession and control" of it and dispose of it accordingly, and the plaintiff's remaining possessory interest was functionally extinguished. *See* case no. 8:8-cv-13 filing 85 at 4. If the property was not a receivership asset, then the plaintiff (or his family) might retain an interest—but then, the receivership stay is out of play. The Court

---

[5] The Court agrees as a general proposition that a federal court has jurisdiction to prevent a state court action from contravening a decree that it has previously entered. *See, Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 817 (8th Cir. 2009). That is not the question. Rather, the question is whether the plaintiff is the proper person to ask for such relief, particularly in a collateral proceeding.

notes that the plaintiff does not ask to have the property or its proceeds transferred to the receiver—rather, he is seeking to have the property returned to *him*, and money damages for himself on top of that. Filing 22 at 12. The relief sought in this case is inconsistent with the premise that the property is a receivership asset. Simply put, the plaintiff cannot simultaneously assert a right to possess property *and* claim that the same property is a receivership asset: both cannot be true.

The plaintiff argues that for the Court to state that the receivership stay was "not intended to protect Bryan Behrens as an individual from lititgation [sic] civil and or criminal would be a blattent [sic] mis carraige [sic] of Justice and a direct mis interpretation [sic] of the orders." Filing 22 at 8. But the receivership stay is a product of this Court's orders, and it is the Court's place to say what they mean. And the plaintiff is missing the point: the purpose of the receivership stay was not to preserve the plaintiff's assets *for the plaintiff's benefit*. Rather, it was to preserve the plaintiff's assets for the receivership so that the receiver could use them to pay back the people from whom the plaintiff stole. In other words, the stay was not meant to make sure that no one could take the plaintiff's property away from him—it was meant to establish a procedure to *ensure* that the plaintiff's property was taken from him, to compensate his victims.

Nor can the plaintiff rely on any purported property interests of his wife or children. The Court notes that in his latest filings, the plaintiff purports to bring suit on his own behalf *and* on behalf of his wife and minor children. *See* filing 22 at 1. But it is well established that a *pro se* party may not represent others, even when it is a parent purporting to represent his minor children. *See*, *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 400-01 (4th Cir. 2005); *Johns v. Cty. of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997); *Osei-Afriyie v. Med. Coll. of Penn.*, 937 F.2d 876, 882-83 (3d Cir. 1991); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986); *cf. United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994). The plaintiff cannot rely on the standing (if any) of others.

In short, if the Iowa foreclosure contravenes the receivership stay, then it is the receiver who must object. If the plaintiff (or any of the receivership claimants) believes the receiver is performing inadequately, then they should take that up with the receiver, in the receivership proceeding. But it would be utterly untenable for anyone with an arguable financial stake in a receivership to be authorized to unilaterally and independently file collateral cases purporting to assert receivership rights.

(c) 42 U.S.C. § 1983

The plaintiff also claims that this action "arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and more particularly under 42 USC 1983." Filing 22 at 2. The plaintiff makes repeated reference to purported "due process" violations by the defendant. Filing 22, *passim*. This claim is easily disposed of. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Id.* at 49.

And a private party's mere invocation of state legal procedures does not constitute action under color of state law. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001); *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997). "[P]rivate misuse of a state statute does not describe conduct that can be attributed to the State[.]" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982). The plaintiff does not claim that Iowa law is unconstitutional—at best, he claims that it has been misused or abused, and that does not present a valid cause of action under § 1983. *Lugar*, 457 U.S. at 942; *see also, Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1129-30 (8th Cir. 1988); *Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir. 1987); *Higbee v. Starr*, 698 F.2d 945, 946 (8th Cir. 1983).

(d) Leave to Amend

The plaintiff asks the Court "for latitude and opportunity to clarify and or correct any defects in the motion to remedy these violations of Federal Laws and award the relief sought." Filing 22 at 2. To the extent that the plaintiff is seeking leave to further amend his complaint, his request will be denied. While Fed. R. Civ. P. 15 is broadly construed to allow amendments, the Court need not indulge in futile gestures. *Geier v. Missouri Ethics Com'n*, 715 F.3d 674, 678 (8th Cir. 2013). It is apparent, particularly when the plaintiff's failure to remedy defects in his initial complaint is considered, that any amendment here would be futile. The facts alleged by the plaintiff simply do not state a claim for relief under *federal* law.

IT IS ORDERED:

1. The plaintiff's motion for status (filing 24) is denied.

2. The plaintiff's motion to amend (filing 23) is granted.

3.  The plaintiff's complaint (filing 1) and amended complaint (filing 22) are dismissed.

4.  All claims having been dismissed, this case is terminated.

5.  A separate judgment will be entered.

Dated this 21st day of November, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge