IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYAN BEHRENS, | |
| Plaintiff, | 8:13-CV-72 |
| vs. | ORDER |
| GMAC MORTGAGE, LLC, | |
| Defendant. | |

     This matter is before the Court on plaintiff Bryan Behrens' motion to extend his partial filing fee deadline (filing 33). The plaintiff has also asked the Court for information regarding the status of his trust account payments. The Court will, after advising the plaintiff of his payment status, grant his motion for an extension of the initial partial filing fee deadline.

     Because the plaintiff has filed a notice of appeal and wishes to proceed in forma pauperis, he is required, pursuant to the Prison Litigation Reform Act, to pay the full amount of the $505.00 appellate filing fee by making monthly payments to the Court. 28 U.S.C. § 1915(b). He was previously ordered to pay an initial partial filing fee of $28.80 by January 21, 2014. *See* filing 30. The Court's records show that such a payment has *not* been made.

     To be sure, payments have been received from the plaintiff. But those payments have been credited, in the absence of other direction, to filing fees that were already incurred. Section 1915(b)(2) provides that

> [*a*]*fter* payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

In other words, it is a prisoner's responsibility to indicate to prison officials that a payment should be credited to a new *initial* filing fee—thereby authorizing the prison to deduct funds from the prisoner's trust account to continue paying that obligation as required by § 1915(b)(2). *Cf. Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (distinguishing between "initial payment" and "later installment payments" and stating that "the latter [are]

to be calculated and remitted by prison officials pursuant to § 1915(b)(2)". When a prisoner has multiple obligations, it is not the responsibility of prison officials to decide which should be paid first. And unless the attachment to a payment indicates that it should be credited to an appellate filing fee, it is the Court's practice to apply a payment associated with a case to an existing obligation: in this case, the initial docketing fee.

In short: to make sure that his initial partial appellate filing fee is paid, Behrens should clearly ask the appropriate official at his institution to indicate, on his payment, that the payment is intended to satisfy his *appellate* filing fee.

IT IS ORDERED:

1.  The plaintiff's motion to extend the initial partial filing fee deadline (filing 33) is granted.

2.  The plaintiff shall pay an initial partial filing fee of $28.80 by February 21, 2014, unless a further enlargement of time is granted in response to a written motion.

3.  The Clerk of the Court is directed to set a case management deadline of February 21, 2014.

4.  After payment of the initial partial filing fee, the plaintiff's institution shall collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and shall forward those installments to the Court.

5.  The Clerk of the Court is also directed to send a copy of this order to the appropriate official at the plaintiff's institution and to the Eighth Circuit Court of Appeals.

Dated this 22nd day of January, 2014.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge